UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

```
DANIEL PAYAN,                      )   No. EDCV 09-1488-RC
                                   )
          Plaintiff,               )
                                   )   OPINION AND ORDER
     v.                            )
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
          Defendant.               )
_____ )
```

Plaintiff Daniel Payan filed a complaint on August 12, 2009, seeking review of the Commissioner's decision denying his applications for disability benefits. On December 28, 2009, the Commissioner filed an answer to the complaint, and the parties filed a joint stipulation on February 25, 2010.

**BACKGROUND**

On June 16, 2006, plaintiff, who was born on June 14, 1961, applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, and the Supplemental Security Income program ("SSI") of Title XVI of the Act, claiming an inability to work

since June 8, 2006, due to type II diabetes and hypertension. A.R. 9, 40-41, 53, 164-65, 183. The plaintiff's applications were initially denied on August 15, 2006, and were denied again on April 27, 2007, following reconsideration. A.R. 9, 77-81, 83-89. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Mason D. Harrell, Jr. ("the ALJ") on June 10 and September 2, 2008. A.R. 35-70. On October 7, 2008, the ALJ issued a decision finding plaintiff is not disabled. A.R. 6-15, 91. The plaintiff appealed this decision to the Appeals Council, which denied review on June 23, 2009. A.R. 1-4.

**DISCUSSION**

**I**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009).

The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273,

2

1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case. 20 C.F.R. §§ 404.1520, 416.920. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since June 8, 2006, his alleged onset date. (Step One). The ALJ then found plaintiff has the following severe impairments: "morbid obesity with . . . poorly controlled diabetes[,] . . . sensory peripheral neuropathy involving the feet, hypertension and degenerative arthritis

of the hips and low back" (Step Two); however, he does not have an impairment or combination of impairments that meets or equals a listed impairment. (Step Three). The ALJ next determined plaintiff is unable to perform his past relevant work. (Step Four). Finally, the ALJ concluded plaintiff is able to perform a significant number of jobs in the national economy; therefore, he is not disabled. (Step Five).

## II

At Step Five, the burden shifts to the Commissioner to show that a claimant can perform other jobs that exist in the national economy. Bray v. Astrue, 554 F.3d 1219, 1222 (9th Cir. 2009); Hoopai v. Astrue, 499 F.3d 1071, 1074-75 (9th Cir. 2007). To meet this burden, the Commissioner "must 'identify specific jobs existing in substantial numbers in the national economy that [the] claimant can perform despite [his] identified limitations.'" Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)). There are two ways for the Commissioner to meet this burden: "(1) by the testimony of a vocational expert, or (2) by reference to the Medical Vocational Guidelines ["Grids"] at 20 C.F.R. pt. 404, subpt. P, app. 2."[1] Tackett v. Apfel, 180 F.3d 1094,

---

[1] The Grids are guidelines setting forth "the types and number of jobs that exist in the national economy for different kinds of claimants. Each rule defines a vocational profile and determines whether sufficient work exists in the national economy. These rules represent the [Commissioner's] determination, arrived at by taking administrative notice of relevant information, that a given number of unskilled jobs exist in the national economy that can be performed by persons with each level of residual functional capacity." Chavez v. Dep't of Health & Human Servs., 103 F.3d 849, 851 (9th Cir. 1996) (citations omitted).

4

1099 (9th Cir. 1999); Bray, 554 F.3d at 1223 n.4.  However, "[w]hen [the Grids] do not adequately take into account [a] claimant's abilities and limitations, the Grids are to be used only as a framework, and a vocational expert must be consulted."  Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002); Bray, 554 F.3d at 1223 n.4.

Hypothetical questions posed to a vocational expert must consider all of the claimant's limitations, Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009); Thomas, 278 F.3d at 956, and "[t]he ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record."  Tackett, 180 F.3d at 1101.  "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the 'expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'"  Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1995) (quoting Delorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991)); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001).  Here, the ALJ asked vocational expert Sandra Fioretti the following hypothetical question:

> [L]et's go to someone who has [an] eleventh[-]grade education, is not, they're not illiterate, but they read and write basic English, and they're limited to being on their feet no more than a total of two hours out of eight, 15 to 30 minutes at a time; sitting is unlimited, but [the individual] can only sit for an hour to an hour and a half, . . . – and that, of course, would be with normal breaks –

>lifting and carrying would be 20 pounds occasionally, ten pounds frequently; can only occasionally stoop and bend; cannot squat, kneel, crawl, run, or jump; can climb stairs but not ladders; no work at heights or balanc[ing]; cannot operate foot pedals or controls; have to be able to during a lunch break take insulin. . . . Any unskilled jobs that could be done with those limitations?

A.R. 68. The vocational expert responded that such an individual could work as a bench assembler, Dictionary of Occupational Titles ("DOT") no. 706.684-042,[2] and a sorter of small agricultural products such as nuts, DOT no. 521.687-086. A.R. 68-69. Based on this testimony, in Step Five, the ALJ found plaintiff can perform a significant number of jobs in the national economy. A.R. 14-15.

The plaintiff contends, however, that the Step Five determination is not supported by substantial evidence in the record because the ALJ's hypothetical question to the vocational expert did not include all of plaintiff's limitations. The plaintiff is correct.[3]

---

[2] The DOT is the Commissioner's primary source of reliable vocational information. Johnson, 60 F.3d at 1434 n.6; Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990).

[3] Although the plaintiff correctly challenges the ALJ's hypothetical question to the vocational expert, plaintiff argues that the hypothetical question was deficient because it did not include all the limitations posited by F. Kalmar, M.D., a nonexamining physician, see Jt. Stip. at 11:7-12:4, 12:23-25, which the Court does not address. Rather, the hypothetical question was deficient because it did not include all the limitations the ALJ determined are part of plaintiff's residual functional capacity, as discussed herein.

1    A claimant's residual functional capacity ("RFC") is what he can
2 still do despite his physical, mental, nonexertional, and other
3 limitations.  <u>Mayes v. Massanari</u>, 276 F.3d 453, 460 (9th Cir. 2001);
4 <u>see</u> <u>also</u> <u>Valentine</u>, 574 F.3d at 689 (RFC is "a summary of what the
5 claimant is capable of doing (for example, how much weight he can
6 lift).").  Here, the ALJ found plaintiff has the RFC to:

>     stand[] and walk[] [for] two hours out of eight, 15 to 30
>     minutes at a time.  He can sit unlimited.  Lift and carry
>     ten pounds frequently, 20 pounds occasionally; occasionally
>     stoop and bend.  He can't squat, kneel, crawl, run, or jump.
>     He can climb stairs, but he can't climb ladders, work at
>     heights, or balance, and he can't operate foot pedals or
>     controls. . . .

A.R. 12, 55, 62-63.  The ALJ further determined plaintiff's RFC requires plaintiff:

>     to sit with his feet elevated on a 6 inch foot stool, sit a
>     maximum of 60 to 90 minutes at a time, use insulin during
>     his lunch break and perform no more than simple repetitive
>     work due to his pain.

A.R. 12.  Despite determining plaintiff's limitations in the RFC assessment, the ALJ did not include all of these significant limitations in the hypothetical question he posed to the vocational expert.  More specifically, the hypothetical did not include the limitations that plaintiff must sit with his feet elevated on a six

inch stool, sit for a maximum of 60-90 minutes at a time, and perform no more than simple repetitive work.  See A.R. 68.  Thus, "because the ALJ erred in excluding some of [plaintiff's] limitations . . . from the hypothetical, the [vocational expert's] testimony 'has no evidentiary value.'"  Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886 (9th Cir. 2006).  "Nor does substantial evidence support the ALJ's step-five determination. . . ."  Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir. 2007).

**III**

When the Commissioner's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing."  42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful."  Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, remand is the appropriate remedy so the ALJ can provide the vocational expert with a hypothetical question accurately reflecting plaintiff's RFC and properly determine whether plaintiff is able to perform a significant number of jobs in the national economy.[4]  Vasquez, 572 F.3d at 597;

//
//
//

---

[4] Having reached this conclusion, it is unnecessary to address the other issues plaintiff raises, none of which warrant any further relief than herein granted.

Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is granted and defendant's request for relief is denied; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE:  November 16, 2010            /S/ ROSALYN M. CHAPMAN
                                    ROSALYN M. CHAPMAN
                                    UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-1488.mdo
11/16/10